Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone:  (702) 471-7000
Facsimile:  (702) 471-7070
E-Mail:  vigila@ballardspahr.com
E-Mail:  sempers@ballardspahr.com

*Attorneys for Federal National Mortgage
Association and JPMorgan Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRESTIGE RENTALS, LLC<br><br>        Plaintiff,<br><br>vs.<br><br>DONALD K. RUSSELL, an individual; CAROLYN J. RUSSELL, an individual;; FEDERAL NATIONAL MORTGAGE ASSOCIATION; NATIONAL DEFAULT SERVICING CORPORATION; STAGE EMPLOYEES FEDERAL CREDIT UNION; and any and all other persons unknown claiming any right, title, estate, lien or interest in the Property adverse to the Plaintiff's ownership, or any cloud upon Plaintiff's title thereto (DOES 1 through 10, inclusive),<br><br>        Defendants. | CASE NO.: 2:15-cv-00830-RFB-GWF<br><br>**STIPULATION FOR LEAVE FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION' AND JPMORGAN CHASE BANK, N.A. TO FILE AMENDED ANSWERS AND COUNTERCLAIMS** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; JPMORGAN CHASE BANK, NA<br><br>        Counterclaimants,<br><br>vs.<br><br>PRESTIGE RENTALS, LLC; DOES 1 through 10, inclusive,<br><br>        Counterdefendant. | |

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

1    Plaintiff/Counterdefendant Prestige Rentals, Inc. and

2  Defendants/Counterclaimants JPMorgan Chase Bank, N.A. ("Chase") and Federal

3  National Mortgage Association ("Fannie Mae"), by and through their counsel of

4  record, hereby stipulate and agree that, pursuant to Fed. R. Civ. P. 15(a)(2) and in

5  the interest of judicial economy, Chase and Fannie Mae may amend their respective

6  answers to Plaintiff's Complaint to include revised counterclaims and revised and/or

7  additional affirmative defenses. Nothing in this stipulation shall be deemed to be a

8  waiver of any claim or defense by Plaintiff. Attached as Exhibit A and B are copies

9  of Chase and Fannie Mae's Amended Answer and Counterclaim, respectively.

10    Chase and Fannie Mae will each file their Amended Answer and

11  Counterclaim within 10 days of entry of this stipulation and order.

12  Dated:  December 11, 2015

| BALLARD SPAHR LLP | GREENE INFUSO, LLP |
|---|---|
| By:  /s/ Sylvia O. Semper | By: /s/ Michael V. Infuso |
| Abran E. Vigil | Michael V. Infuso |
| Nevada Bar No. 7548 | Nevada Bar No. 7388 |
| Sylvia O. Semper | 3030 So. Jones Blvd., Suite 101 |
| Nevada Bar No. 12863 | Las Vegas, NV 89146 |
| 100 N. City Parkway, Suite 1750 | |
| Las Vegas, Nevada 89106 | *Attorney for Plaintiff Prestige Rentals, LLC* |
| *Attorneys for defendants JPMorgan Chase Bank, N.A. and Federal National Mortgage Association* | |

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

## ORDER

Based on the above stipulation and good cause appearing therefore,

IT IS HEREBY ORDERED that Chase and Fannie Mae may amend their answers to Plaintiff's Complaint to include revised counterclaims and revised and/or additional affirmative defenses.

IT IS FURTHER ORDERED that, within 10 days of entry of this stipulation and order, Chase and Fannie Mae will each file their Amended Answer and Counterclaim, attached as Exhibit A and B.

IT IS SO ORDERED.

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED:   December 23, 2015.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

3

# EXHIBIT A

# EXHIBIT A

AACC
Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-Mail: vigila@ballardspahr.com
E-Mail: sempers@ballardspahr.com

*Attorneys for Federal National Mortgage
Association and JPMorgan Chase Bank, NA*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRESTIGE RENTALS, LLC | CASE NO.: 2:15-cv-00830-RFB-GWF |
| Plaintiff, | |
| vs. | **JPMORGAN CHASE BANK, N.A.'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM** |
| DONALD K. RUSSELL, an individual; CAROLYN J. RUSSELL, an individual; JPMORGAN CHASE BANK, NA; FEDERAL NATIONAL MORTGAGE ASSOCIATION; NATIONAL DEFAULT SERVICING CORPORATION; STAGE EMPLOYEES FEDERAL CREDIT UNION; and any and all other persons unknown claiming any right, title, estate, lien or interest in the Property adverse to the Plaintiff's ownership, or any cloud upon Plaintiff's title thereto (DOES 1 through 10, inclusive), | |
| Defendants. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; JPMORGAN CHASE BANK, NA | |
| Counterclaimants, | |
| vs. | |
| PRESTIGE RENTALS, LLC; DOES 1 through 10, inclusive, | |
| Defendant. | |

DMWEST #12152072 v1

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its counsel of record, Ballard Spahr LLP, hereby answers the Complaint filed by plaintiff Prestige Rentals, Inc. ("plaintiff") as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Chase is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint and therefore denies them.

2.      Chase is without sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint and therefore denies them.

3.      Chase is without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint and therefore denies them.

4.      Chase is without sufficient information to admit or deny the allegations of Paragraph 4 of the Complaint and therefore denies them.

5.      Chase is without sufficient information to admit or deny the allegations of Paragraph 5 of the Complaint and therefore denies them.

6.      Chase admits the allegations of Paragraph 6 of the Complaint.

7.      Chase is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint and therefore denies them.

8.      Chase is without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint and therefore denies them.

9.      Chase admits the allegations contained in the first sentence of paragraph 9 of the Complaint. Chase denies the remaining allegations contained in Paragraph 9 of the Complaint.

### GENERAL ALLEGATIONS

10.     Chase denies the allegations of Paragraph 10 of the Complaint.

11.     Chase submits that the foreclosure deed recorded on the property as Instrument No. 201208150000719 is a public record that speaks for itself. Chase denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Chase submits that the deed recorded on the property as Instrument No. 201301290003154 is a public record that speaks for itself. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 12 of the Complaint and therefore denies them.

13.     Chase admits that a foreclosure sale was conducted on or about December 5, 2013. Chase denies the remaining allegations of Paragraph 13 of the Complaint.

14.     Chase admits that a foreclosure deed was recorded on December 30, 2013 as Instrument No. 201312300002678. Chase denies the remaining allegations of Paragraph 14 of the Complaint.

15.     Chase is without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and therefore denies them.

16.     Chase admits that it has had, and currently has, an interest in the Property. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 16 of the Complaint and therefore denies them.

17.     Chase denies the allegations of Paragraph 17 of the Complaint.

18.     Chase denies the allegations of Paragraph 18 of the Complaint.

<div align="center">

**FIRST CLAIM FOR RELIEF**

**(Quiet Title – All Defendants)**

</div>

19.     Chase repeats its answers contained in Paragraphs 1 through 18 above.

20.     Chase denies the allegations of Paragraph 20 of the Complaint.

21.     Chase denies the allegations of Paragraph 21 of the Complaint.

22.     Chase denies the allegations of Paragraph 22 of the Complaint.

<div align="center">

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief – All Defendants)**

</div>

23.     Chase repeats its answers contained in Paragraphs 1 through 22 above.

24.     Chase admits that plaintiff is seeking a declaration pursuant to NRS 40.010. Chase denies the remaining allegations of Paragraph 24 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment – National Default and Fannie Mae)

25.     The allegations in the Third Claim for Relief (Paragraphs 25-27) are not made against Chase and, therefore, Chase is not required to respond.  To the extent a response is nevertheless required, Chase lacks sufficient information to admit or deny the allegations in Paragraphs 25 to 27 of the Complaint and therefore denies them.

## FOURTH CLAIM FOR RELIEF

### (Slander of Title – National Default, Fannie Mae, and Stage)

26.     The allegations in the Fourth Claim for Relief (Paragraphs 28-35) are not made against Chase and, therefore, Chase is not required to respond.  To the extent a response is nevertheless required, Chase lacks sufficient information to admit or deny the allegations in Paragraphs 28 to 35 of the Complaint and therefore denies them.

## FIFTH CLAIM FOR RELIEF

### (Wrongful Foreclosure – National Default and Fannie Mae)

27.     The allegations in the Fifth Claim for Relief (Paragraphs 36-39) are not made against Chase and, therefore, Chase is not required to respond.  To the extent a response is nevertheless required, Chase lacks sufficient information to admit or deny the allegations in Paragraphs 36 to 39 of the Complaint and therefore denies them.

## SIXTH CLAIM FOR RELIEF

### (Trespass – National Default and Fannie Mae)

28.     The allegations in the Sixth Claim for Relief (Paragraphs 40-44) are not made against Chase and, therefore, Chase is not required to respond.  To the extent a response is nevertheless required, Chase lacks sufficient information to

admit or deny the allegations in Paragraphs 40 to 44 of the Complaint and therefore denies them.

<div align="center">

**SEVENTH CLAIM FOR RELIEF**

**(Nuisance – National Default and Fannie Mae)**

</div>

29.     The allegations in the Seventh Claim for Relief (Paragraphs 45-49) are not made against Chase and, therefore, Chase is not required to respond.  To the extent a response is nevertheless required, Chase lacks sufficient information to admit or deny the allegations in Paragraphs 45 to 49 of the Complaint and therefore denies them.

WHEREFORE, Chase respectfully requests that the Court enter judgment in its favor, and against plaintiff, together with costs, fees and such other relief as the Court deems proper.

<div align="center">

**AFFIRMATIVE DEFENSES**

</div>

Chase's investigation of these claims is continuing.  By this Answer, Chase waives no affirmative defenses and reserves its right to amend the Answer to assert any subsequently discovered affirmative defenses.

<div align="center">

**First Affirmative Defense**

</div>

The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

<div align="center">

**Second Affirmative Defense**

</div>

The acts alleged in the Complaint were the acts of third parties over whom Chase have no control or responsibility.

<div align="center">

**Third Affirmative Defense**

</div>

Plaintiff's claims are barred by the Due Process Clauses of the 5th and 14th Amendments of the United States Constitution and Article 1, Section 8 of the Nevada Constitution.

<div align="center">

**Fourth Affirmative Defense**

</div>

The homeowners association foreclosure sale is void or otherwise insufficient

to extinguish the deed of trust based on the failure to comply with all mailing, noticing and/or other requirements of Nevada and federal law.

### Fifth Affirmative Defense

The homeowners association foreclosure sale by which plaintiff claims to have acquired its interest was commercially and otherwise unreasonable. The sales price, when compared to the outstanding balance of the note and deed of trust and the fair market value of the subject property, demonstrates that the sale was not conducted in good faith. The circumstances of the sale of the property violated the homeowners association's obligation of good faith under NRS 116.1113 and duty to act in a reasonable manner.

### Sixth Affirmative Defense

Plaintiff purchased the subject property with record notice of the interest of the senior deed of trust recorded against the property and is not a bona fide purchaser for value.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or tender.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of laches, unclean hands, and/or failure to do equity.

### Ninth Affirmative Defense

The Association foreclosure sale is a voidable fraudulent transfer under the Uniform Fraudulent Transfer Act (NRS 112.140 *et seq.*).

### Tenth Affirmative Defense

The Association foreclosure sale is void because the price paid at the sale was grossly inadequate in comparison to the fair market value of the property at the time of the sale pursuant to the Restatement (Third) of Property: Mortgages.

### Eleventh Affirmative Defense

1   Plaintiff's claims are barred by the Takings Clause of the United States

2   Constitution and the Nevada Constitution.

3   <center>**Twelfth Affirmative Defense**</center>

4   The Nevada Supreme Court's Opinion in *SFR Investments Pool 1, LLC v.*

5   *U.S. Bank, N.A.*, 130 Nev. Adv. Op. 75, 334 P.3d 408 (2014) is prospective only and

6   does not apply in this case because the subject foreclosure sale occurred before

7   September 18, 2014.

8   <center>**Thirteenth Affirmative Defense**</center>

9   Plaintiff's claims are barred by the applicable statutory periods of limitation,

10   laches.

11   WHEREFORE, Chase respectfully requests that the Court enter judgment in

12   its favor, and against plaintiff, together with costs, fees and such other relief as the

13   Court deems proper.

14   <center>**COUNTERCLAIMS**</center>

15   Chase hereby counterclaims against plaintiff as follows:

16   <center>**GENERAL ALLEGATIONS**</center>

17   1.   In 2007, borrowers Carolyn and Donald Russell obtained a mortgage

18   loan for $180,400.00 ("Loan") from Kennedy Mortgage Corporation to purchase the

19   property located at 7608 Allerton Ave., Las Vegas, NV  89128 (the "Property").

20   2.   Venue is proper in this judicial district because the Property involved

21   is located in this district and because a substantial part of the events or omissions

22   giving rise to Chase's claims occurred in this district.

23   3.   Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1367.

24   4.   The Loan was secured by a first-position Deed of Trust (the "Deed of

25   Trust") recorded on February 28, 2007, as instrument no. 200702280005656.

26   5.   On or about April 1, 2007, Fannie Mae purchased the Loan and

27   thereby acquired ownership of the Deed of Trust.  Chase services the Loan.

28   6.   On September 6, 2008, the Director of FHFA, authorized by HERA,

placed Fannie Mae into conservatorship and appointed FHFA as Conservator.[1]

7.    On September 30, 2011, Mortgage Electronic Registrations Systems, Inc. ("MERS"), Inc., who was listed on the Deed of Trust as beneficiary solely as nominee for original lender Kennedy Mortgage Corporation and its successors and assigns, assigned the Deed of Trust to Fannie Mae's Loan servicer, Chase. That Assignment of was recorded on October 23, 2012, as instrument no. 201210230002653.

8.    The Fannie Mae Single-Family Servicing Guide ("Guide") serves as a central document governing the contractual relationship between Fannie Mae and its servicers nationwide, including Chase.  *See* Guide at A1-1-03.[2]

9.    The Guide provides that:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens.  However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its … ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by
>
> -- preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and
>
> -- providing recordation information for the affected mortgage loans.

Guide at A2-1-03.

-----

[1] FHFA was created on July 30, 2008 pursuant to the Housing and Economic Recovery Act of 2008 (**HERA**), Pub. L. 110-289, 122 Stat. 2654, codified at 12 U.S.C. § 4617 *et seq.*, to oversee Fannie Mae, Fannie Mae, and the Federal Home Loan Banks.

[2] The Guide is publicly available on Fannie Mae's website.  An interactive version is available at https://www.fanniemae.com/content/guide/servicing/index.html, and archived prior versions of the Guide are available at that URL by clicking "Show All" in the left hand column of that site.  While the sections of the Guide have been amended over the course of Fannie Mae's ownership of the Loan, none of these amendments have changed these sections in a way material to this case.  A static, PDF copy of the most recent version of the Guide is available at https://www.fanniemae.com/content/guide/svc101415.pdf.

10.     The Guide also provides for a temporary transfer of possession of the note when necessary for servicing:

> In order to ensure that a servicer is able to perform the services and duties incident to the servicing of the mortgage loan, Fannie Mae temporarily gives the servicer possession of the mortgage note whenever the servicer, acting in its own name, represents the interests of Fannie Mae in foreclosure actions, bankruptcy cases, probate proceedings, or other legal proceedings.
>
> This temporary transfer of possession occurs automatically and immediately upon the commencement of the servicer's representation, in its name, of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding.

Guide at A2-1-04.  Nevertheless, "Fannie Mae is at all times the owner of the mortgage note," and "[a]t the conclusion of the servicer's representation of Fannie Mae's interests in the foreclosure … possession automatically reverts to Fannie Mae." *Id.*

11.     On August 7, 2013, Chase recorded a notice of default under the Deed of Trust.

12.     On November 14, 2013, Chase recorded a notice of sale under the Deed of Trust.

13.     On December 10, 2013, Chase assigned the Deed of Trust to Fannie Mae. That assignment was recorded on December 30, 2013.  On the same day, Fannie Mae became the owner of the Property following the foreclosure sale under the Deed of Trust.

<center>**The HOA Lien and Foreclosure**</center>

14.     On July 8, 2011, Nevada Association Services, Inc. ("HOA Trustee"), as agent for Buena Vista Homes, A Planned Community ("HOA" or "Buena Vista") recorded a notice of delinquent assessments ("Lien") against the Property.

15.     On August 30, 2011, the HOA Trustee recorded a notice of default under the HOA's Lien.

16.     On January 26, 2012, the HOA Trustee recorded a notice of sale under

the HOA's Lien.

17.    In none of the recorded documents nor in any notice did the HOA and/or the HOA Trustee provide Fannie Mae or Chase with notice of the purported super-priority lien amount.

18.    On August 10, 2012, the HOA Trustee purportedly sold the Subject Property to satisfy the HOA's Lien (the "HOA Sale").

19.    Plaintiff purportedly purchased the Property at the HOA Sale for $9,000.00.

## FIRST CLAIM FOR RELIEF

## (Unjust Enrichment)

20.    Chase incorporates the allegations in the prior paragraphs as if fully set forth herein.

21.    Plaintiff has also been unjustly enriched, in that Chase has continued to expend funds and resources to maintain and preserve the property contrary to fundamental principles of fairness, justice, and fair dealing.

22.    Chase is entitled to recoup the reasonable amount of benefits obtained by Plaintiff based on the theory of unjust enrichment.

23.    Chase was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Chase prays for the following relief:

1.    That plaintiff take nothing by way of its Complaint;

2.    A declaration that the HOA sale did not extinguish the Deed of Trust and thus did not convey the property free and clear to Plaintiff;

3.    A declaration that any interest of Plaintiff is subject to the interest of Fannie Mae;

4.    A declaration that Fannie Mae has current title ownership of the Property;

5.     That Chase be awarded the reasonable amount of benefits obtained by Plaintiff;

6.     That Chase be awarded reasonable attorneys' fees and costs; and

7.     That Chase receives such other relief as the Court deems just and proper.

Dated: December 11, 2015

BALLARD SPAHR LLP

By: /s/ Sylvia Semper
Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
Holly Ann Priest
Nevada Bar No. 13226
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

*Attorneys for Defendants Federal National Mortgage Association and JPMorgan Chase Bank, NA*

1

## CERTIFICATE OF MAILING

2

3          I HEREBY CERTIFY that on the ___ day of March, 2015, and

4  pursuant to NRCP 5(b), a true and correct copy of the foregoing **JPMORGAN**

5  **CHASE BANK, N.A.'S ANSWER TO COMPLAINT AND COUNTERCLAIM**, was

6  served to the parties following in the manner set forth below:

| | |
|---|---|
| Michael V Infuso<br>Zachary Takos<br>Shawn Walkenshaw<br>Green Infuso LLP<br>3030 So. Jones Blvd., #101<br>Las Vegas, NV 89146 | |

10

11  [ ]     HAND DELIVERY

12  [ ]     E-MAIL TRANSMISSION

13  [XX]    U.S. MAIL, POSTAGE PREPAID and/or

14  [XX]    Via the Wiznet E-Service-generated "Service Notification of Filing" upon all
            counsel set up to receive notice via electronic service in this matter
15

16                                    _____/s/ CM Wrangham-Rowe_____
                                      An employee of BALLARD SPAHR LLP
17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

EXHIBIT B

Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone:  (702) 471-7000
Facsimile:  (702) 471-7070
E-Mail:  vigila@ballardspahr.com
E-Mail:  sempers@ballardspahr.com

*Attorneys for Federal National Mortgage
Association and JPMorgan Chase Bank, N.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRESTIGE RENTALS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>DONALD K. RUSSELL, an individual;<br>CAROLYN J. RUSSELL, an individual;;<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION; NATIONAL DEFAULT<br>SERVICING CORPORATION; STAGE<br>EMPLOYEES FEDERAL CREDIT<br>UNION; and any and all other persons<br>unknown claiming any right, title,<br>estate, lien or interest in the Property<br>adverse to the Plaintiff's ownership, or<br>any cloud upon Plaintiff's title thereto<br>(DOES 1 through 10, inclusive),<br><br>Defendants. | CASE NO.: 2:15-cv-00830-RFB-GWF<br><br>**FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION'S AMENDED<br>ANSWER TO COMPLAINT AND<br>COUNTERCLAIMS** |
| FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION; JPMORGAN CHASE<br>BANK, NA<br><br>Counterclaimants,<br><br>vs.<br><br>PRESTIGE RENTALS, LLC; DOES 1<br>through 10, inclusive,<br><br>Defendant. | |

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

Defendant Federal National Mortgage Association ("Fannie Mae"), by and through its counsel of record, Ballard Spahr LLP, hereby answers the Complaint filed by plaintiff Prestige Rentals, Inc. ("Plaintiff") as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint and therefore denies them.

2.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint and therefore denies them.

3.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint and therefore denies them.

4.     Fannie Mae admits the allegations of Paragraph 4 of the Complaint.

5.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 5 of the Complaint and therefore denies them.

6.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint and therefore denies them.

7.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint and therefore denies them.

8.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint and therefore denies them.

9.     Fannie Mae admits the allegations contained in the first sentence of paragraph 9 of the Complaint. Fannie Mae denies the remaining allegations contained in Paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS

10.     Fannie Mae denies the allegations of Paragraph 10 of the Complaint.

11.     Fannie Mae submits that the foreclosure deed recorded on the property as Instrument No. 201208150000719 is a public record that speaks for itself. Fannie Mae denies the remaining allegations contained in Paragraph 11 of the Complaint.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

2

12.     Fannie Mae submits that the deed recorded on the property as Instrument No. 201301290003154 is a public record that speaks for itself. Fannie Mae is without sufficient information to admit or deny the remaining allegations of Paragraph 12 of the Complaint and therefore denies them.

13.      Fannie Mae admits that a foreclosure sale was conducted on or about December 5, 2013. Fannie Mae denies the remaining allegations of Paragraph 13 of the Complaint.

14.     Fannie Mae admits that a foreclosure deed was recorded on December 30, 2013 as Instrument No. 201312300002678. Fannie Mae denies the remaining allegations of Paragraph 14 of the Complaint.

15.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and therefore denies them.

16.     Fannie Mae admits that it has had, and currently has, an interest in the Property. Fannie Mae is without sufficient information to admit or deny the remaining allegations of Paragraph 16 of the Complaint and therefore denies them.

17.     Fannie Mae denies the allegations of Paragraph 17 of the Complaint.

18.     Fannie Mae denies the allegations of Paragraph 18 of the Complaint.

### FIRST CLAIM FOR RELIEF

### (Quiet Title – All Defendants)

19.     Fannie Mae repeats its answers contained in Paragraphs 1 through 18 above.

20.     Fannie Mae denies the allegations of Paragraph 20 of the Complaint.

21.     Fannie Mae denies the allegations of Paragraph 21 of the Complaint.

22.     Fannie Mae denies the allegations of Paragraph 22 of the Complaint.

### SECOND CLAIM FOR RELIEF

### (Declaratory Relief – All Defendants)

23.     Fannie Mae repeats its answers contained in Paragraphs 1 through 22 above.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

3

24.     Fannie Mae admits that plaintiff is seeking a declaration pursuant to NRS 40.010. Fannie Mae denies the remaining allegations of Paragraph 24 of the Complaint.

### THIRD CLAIM FOR RELIEF

### (Unjust Enrichment – National Default and Fannie Mae)

25.     Fannie Mae repeats its answers contained in Paragraphs 1 through 24 above.

26.     Fannie Mae denies the allegations of Paragraph 26 of the Complaint.

27.     Fannie Mae denies the allegations of Paragraph 27 of the Complaint.

### FOURTH CLAIM FOR RELIEF

### (Slander of Title – National Default, Fannie Mae, and Stage)

28.     Fannie Mae repeats its answers contained in Paragraphs 1 through 27 above.

29.     Fannie Mae denies the allegations of Paragraph 29 of the Complaint.

30.     Fannie Mae denies the allegations of Paragraph 30 of the Complaint.

31.     Fannie Mae denies the allegations of Paragraph 31 of the Complaint.

32.     Fannie Mae denies the allegations of Paragraph 32 of the Complaint.

33.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 33 of the Complaint and therefore denies them.

34.     Fannie Mae denies the allegations of Paragraph 34 of the Complaint.

35.     Fannie Mae denies the allegations of Paragraph 35 of the Complaint.

### FIFTH CLAIM FOR RELIEF

### (Wrongful Foreclosure – National Default and Fannie Mae)

36.     Fannie Mae repeats its answers contained in Paragraphs 1 through 35 above.

37.     Fannie Mae denies the allegations of Paragraph 37 of the Complaint.

38.     Fannie Mae denies the allegations of Paragraph 38 of the Complaint.

39.     Fannie Mae denies the allegations of Paragraph 39 of the Complaint.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

<center>**SIXTH CLAIM FOR RELIEF**</center>

<center>**(Trespass – National Default and Fannie Mae)**</center>

40.     Fannie Mae repeats its answers contained in Paragraphs 1 through 39 above.

41.     Fannie Mae denies the allegations of Paragraph 41 of the Complaint.

42.     Fannie Mae denies the allegations of Paragraph 42 of the Complaint.

43.     Fannie Mae denies the allegations of Paragraph 43 of the Complaint.

44.     Fannie Mae denies the allegations of Paragraph 44 of the Complaint.

<center>**SEVENTH CLAIM FOR RELIEF**</center>

<center>**(Nuisance – National Default and Fannie Mae)**</center>

45.     Fannie Mae repeats its answers contained in Paragraphs 1 through 44 above.

46.     Fannie Mae denies the allegations of Paragraph 46 of the Complaint.

47.     Fannie Mae denies the allegations of Paragraph 47 of the Complaint.

48.     Fannie Mae denies the allegations of Paragraph 48 of the Complaint.

49.     Fannie Mae denies the allegations of Paragraph 49 of the Complaint.

WHEREFORE, Fannie Mae respectfully requests that the Court enter judgment in its favor, and against plaintiff, together with costs, fees and such other relief as the Court deems proper.

<center>**<u>AFFIRMATIVE DEFENSES</u>**</center>

Fannie Mae is continuing to investigate plaintiff's claims and does not waive any affirmative defenses.  Fannie Mae reserves its right to amend this Answer and add any subsequently discovered affirmative defenses or claims.

<center>**First Affirmative Defense**</center>

The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

<center>5</center>

**Second Affirmative Defense**

The acts alleged in the Complaint were the acts of third parties over whom Fannie Mae have no control or responsibility.

**Third Affirmative Defense**

Plaintiff's claims are barred by the Due Process Clauses of the 5th and 14th Amendments of the United States Constitution and Article 1, Section 8 of the Nevada Constitution.

**Fourth Affirmative Defense**

The homeowners association foreclosure sale is void or otherwise insufficient to extinguish the deed of trust based on the failure to comply with all mailing, noticing and/or other requirements of Nevada and federal law.

**Fifth Affirmative Defense**

The homeowners' association foreclosure sale is insufficient to extinguish the deed of trust or a property interest of the Fannie Mae.

**Sixth Affirmative Defense**

Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes a homeowners association foreclosure sale from extinguishing Fannie Mae's interest in the subject property and preempts any state law to the contrary.

**Seventh Affirmative Defense**

The homeowners association foreclosure sale by which plaintiff claims to have acquired its interest was commercially and otherwise unreasonable.  The sales price, when compared to the outstanding balance of the note and deed of trust and the fair market value of the subject property, demonstrates that the sale was not conducted in good faith.  The circumstances of the sale of the property violated the homeowners association's obligation of good faith under NRS 116.1113 and duty to act in a reasonable manner.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

### Eighth Affirmative Defense

Plaintiff purchased the subject property with record notice of the interest of the senior deed of trust recorded against the property and is not a bona fide purchaser for value.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or tender.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of laches, unclean hands, and/or failure to do equity.

### Eleventh Affirmative Defense

The Association foreclosure sale is a voidable fraudulent transfer under the Uniform Fraudulent Transfer Act (NRS 112.140 *et seq.*).

### Twelfth Affirmative Defense

The Association foreclosure sale is void because the price paid at the sale was grossly inadequate in comparison to the fair market value of the property at the time of the sale pursuant to the Restatement (Third) of Property: Mortgages.

### Thirteenth Affirmative Defense

The Nevada Supreme Court's Opinion in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. Adv. Op. 75, 334 P.3d 408 (2014) is prospective only and does not apply in this case because the subject foreclosure sale occurred before September 18, 2014.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the applicable statutory periods of limitation or laches.

WHEREFORE, Fannie Mae respectfully requests that the Court enter judgment in its favor, and against plaintiff, together with costs, fees and such other relief as the Court deems proper.

## COUNTERCLAIMS

Fannie Mae hereby counterclaims against plaintiff and Buena Vista Homes, A Planned Community as follows:

### GENERAL ALLEGATIONS

#### Fannie Mae's Interest

1. In 2007, borrowers Carolyn and Donald Russell obtained a mortgage loan for $180,400.00 ("Loan") from Kennedy Mortgage Corporation to purchase the property located at 7608 Allerton Ave., Las Vegas, NV  89128 (the "Property").

2. Venue is proper in this judicial district because the Property involved is located in this district and because a substantial part of the events or omissions giving rise to Fannie Mae's claims occurred in this district.

3. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1367.

4. The Loan was secured by a first-position Deed of Trust (the "Deed of Trust") recorded on February 28, 2007, as instrument no. 200702280005656.

5. On or about April 1, 2007, Fannie Mae purchased the Loan and thereby acquired ownership of the Deed of Trust.  Chase services the Loan.

6. On September 6, 2008, the Director of FHFA, authorized by HERA, placed Fannie Mae into conservatorship and appointed FHFA as Conservator.[1]

7. On September 30, 2011, Mortgage Electronic Registrations Systems, Inc. ("MERS"), Inc., who was listed on the Deed of Trust as beneficiary solely as nominee for original lender Kennedy Mortgage Corporation and its successors and assigns, assigned the Deed of Trust to Fannie Mae's Loan servicer, Chase. That Assignment of was recorded on October 23, 2012, as instrument no. 201210230002653.

8. The Fannie Mae Single-Family Servicing Guide ("Guide") serves as a

---

[1] FHFA was created on July 30, 2008 pursuant to the Housing and Economic Recovery Act of 2008 (**HERA**), Pub. L. 110-289, 122 Stat. 2654, codified at 12 U.S.C. § 4617 *et seq.*, to oversee Fannie Mae, Fannie Mae, and the Federal Home Loan Banks.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

1   central document governing the contractual relationship between Fannie Mae and

2   its servicers nationwide, including Chase.  *See* Guide at A1-1-03.[2]

3        9.      The Guide provides that:

4        The servicer ordinarily appears in the land records as the mortgagee to
         facilitate performance of the servicer's contractual responsibilities,
5        including (but not limited to) the receipt of legal notices that may
         impact Fannie Mae's lien, such as notices of foreclosure, tax, and other
6        liens.  However, Fannie Mae may take any and all action with respect
         to the mortgage loan it deems necessary to protect its … ownership of
7        the mortgage loan, including recordation of a mortgage assignment, or
         its legal equivalent, from the servicer to Fannie Mae or its designee.
8        In the event that Fannie Mae determines it necessary to record such
         an instrument, the servicer must assist Fannie Mae by
9
10       -- preparing and recording any required documentation, such as
         mortgage assignments, powers of attorney, or affidavits; and

11       -- providing recordation information for the affected mortgage loans.

12   Guide at A2-1-03.

13       10.     The Guide also provides for a temporary transfer of possession of the

14   note when necessary for servicing:

15       In order to ensure that a servicer is able to perform the services and
         duties incident to the servicing of the mortgage loan, Fannie Mae
16       temporarily gives the servicer possession of the mortgage note
         whenever the servicer, acting in its own name, represents the interests
17       of Fannie Mae in foreclosure actions, bankruptcy cases, probate
         proceedings, or other legal proceedings.
18
19       This temporary transfer of possession occurs automatically and
         immediately upon the commencement of the servicer's representation,
20       in its name, of Fannie Mae's interests in the foreclosure, bankruptcy,
         probate, or other legal proceeding.

21

22   Guide at A2-1-04.  Nevertheless, "Fannie Mae is at all times the owner of the

23   mortgage note," and "[a]t the conclusion of the servicer's representation of Fannie

24   ///

---

25       [2]    The Guide is publicly available on Fannie Mae's website.  An interactive version is
     available at https://www.fanniemae.com/content/guide/servicing/index.html, and archived prior
26   versions of the Guide are available at that URL by clicking "Show All" in the left hand column
     of that site.  While the sections of the Guide have been amended over the course of Fannie Mae's
27   ownership of the Loan, none of these amendments have changed these sections in a way material
     to this case.  A static, PDF copy of the most recent version of the Guide is available at
28   https://www.fanniemae.com/content/guide/svc101415.pdf.

Mae's interests in the foreclosure … possession automatically reverts to Fannie Mae." *Id.*

11.   On August 7, 2013, Chase recorded a notice of default under the Deed of Trust.

12.   On November 14, 2013, Chase recorded a notice of sale under the Deed of Trust.

13.   On December 10, 2013, Chase assigned the Deed of Trust to Fannie Mae. That assignment was recorded on December 30, 2013.  On the same day, Fannie Mae became the owner of the Property following the foreclosure sale under the Deed of Trust.

### The HOA Lien and Foreclosure

14.   On July 8, 2011, Nevada Association Services, Inc. ("HOA Trustee"), agent for Buena Vista Homes, A Planned Community ("HOA" or "Buena Vista") recorded a notice of delinquent assessments ("Lien") against the Property.

15.   On August 30, 2011, the HOA Trustee recorded a notice of default under the HOA's Lien.

16.   On January 26, 2012, the HOA Trustee recorded a notice of sale under the HOA's Lien.

17.   In none of the recorded documents nor in any notice did the HOA and/or the HOA Trustee provide Fannie Mae or Chase with notice of the purported super-priority lien amount.

18.   On August 10, 2012, the HOA Trustee purportedly sold the Subject Property to satisfy the HOA's Lien (the "HOA Sale").

19.   Plaintiff purportedly purchased the Property at the HOA Sale for $9,000.00.

### FIRST CLAIM FOR RELIEF

### (Declaratory Relief against Plaintiff)

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

20.   Fannie Mae incorporates the allegations in the prior paragraphs as if fully set forth herein.

21.   Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court has the power and authority to declare Fannie Mae's rights and interests in the Property and to resolve the plaintiff's adverse claims in the Property.

22.   The Deed of Trust on the Property secured Fannie Mae's Loan prior to the foreclosure of the Deed of Trust.

23.   Plaintiff claims an interest in the Property through a foreclosure deed that is adverse to Fannie Mae's interest.

24.   Fannie Mae has current title ownership of the Property, and Fannie Mae's former interest in the Deed of Trust encumbering the Property also constituted an interest in real property.

25.   FHFA is an agency of the federal government of the United States of America and is also the Conservator of Fannie Mae.

26.   The Conservator succeeded by law to the all of Fannie Mae's "rights, title, powers, and privileges." 12 U.S.C. §4617(b)(2)(A)(i). Fannie Mae's interest at issue is property of the Conservator.

27.   During the conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

28.   None of the Plaintiff, Buena Vista, or any other party obtained consent from FHFA to extinguish Fannie Mae's interest in the Deed of Trust.

29.   Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an HOA sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

///

///

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

11

30.     Fannie Mae is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that Fannie Mae's lien interest was superior to the interest, if any, acquired by plaintiff, and Fannie Mae's interest survived the HOA sale

31.     In the alternative, Fannie Mae is entitled to a determination, pursuant to NRS 40.010, that the HOA Sale was unlawful and void under state law.

<u>SECOND CLAIM FOR RELIEF</u>

(Quiet Title against Plaintiff)

32.     Fannie Mae incorporates the allegations in the prior paragraphs as if fully set forth herein.

33.     Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court has the power and authority to declare Fannie Mae's rights and interests in the Property and to resolve the plaintiff's adverse claims in the Property.

34.     Plaintiff claims an interest in the Property through a foreclosure deed that is adverse to Fannie Mae's interest.

35.     Fannie Mae has current title ownership of the Property, and Fannie Mae's former interest in the Deed of Trust encumbering the Property also constituted an interest in real property.

36.     FHFA, as Conservator for Fannie, succeeded by law to the all of Fannie Mae's "rights, title, powers, and privileges." 12 U.S.C. §4617(b)(2)(A)(i).

37.     During the conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

38.     At no time did Plaintiff, the HOA, or HOA Trustee obtain consent from FHFA to extinguish the Deed of Trust or otherwise extinguish Fannie Mae's interest.

///

///

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

39.     Fannie Mae is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that Fannie Mae's interest was superior to the interest, if any, acquired by plaintiff, and Fannie Mae's interest survived the HOA sale.

40.     In the alternative, Fannie Mae is entitled to a determination, pursuant to NRS 40.010, that the HOA Sale was unlawful and void under Nevada state law.

## PRAYER FOR RELIEF

WHEREFORE, Fannie Mae prays for the following relief:

1.     That plaintiff take nothing by way of its Complaint;

2.     A declaration that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a super-priority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship;

3.     A declaration that the HOA sale did not extinguish the Deed of Trust and thus did not convey the property free and clear to Plaintiff;

4.     A declaration that any interest of Plaintiff is subject to the interest of Fannie Mae;

5.     A declaration that Fannie Mae has current title ownership of the Property;

6.     That Fannie Mae be awarded reasonable attorneys' fees and costs; and

7.     That Fannie Mae receives such other relief as the Court deems just and proper.

Dated: December 11, 2015

BALLARD SPAHR LLP

By:   /s/ Sylvia Semper
    Abran E. Vigil
    Nevada Bar No. 7548
    Sylvia O. Semper
    Nevada Bar No. 12863
    BALLARD SPAHR LLP
    100 North City Parkway, Suite 1750
    Las Vegas, Nevada 89106-4617

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

1

## CERTIFICATE OF MAILING

2      I hereby certify that on December 11, 2015, a true copy of the foregoing

3 **AMENDED ANSWER TO COMPLAINT** AND COUNTERCLAIMS was filed via the

4 Court's CM/ECF System and electronically served by the Court on all parties in

5 interest.

6      Michael V Infuso
       Zachary Takos
7      Shawn Walkenshaw
       Green Infuso LLP
8      3030 So. Jones Blvd., #101
       Las Vegas, NV 89146

9

10

11

12                                              /s/    Sarah H. Walton
                                                An employee of BALLARD SPAHR LLP
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617